1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM LYLE NIBLE,                    No. 2:24-cv-01259-DJC-CSK-PC

12            Plaintiff,

13      v.                                  ORDER DENYING MOTION FOR
                                            EMERGENCY PRELIMINARY INJUNCTION
14   JEFF MACOMBER, Secretary of
15   Corrections; T. Dorsey, Parole Agent;
     and DOES 1–100,
16
              Defendants.
17

18

19        Plaintiff William Lyle Nible brings this *pro se* Complaint alleging violations of his

20   federal constitutional rights under 42 U.S.C. § 1983 by Jeffrey Macomber, the

21   Secretary for the California Department of Corrections and Rehabilitation ("CDCR"),

22   Tommee Dorsey, a Parole Agent with CDCR, and 100 Doe Defendants (together,

23   "Defendants").  Plaintiff seeks an emergency preliminary injunction against

24   Defendants, which was filed with Plaintiff's Complaint, asking that the Court enjoin

25   Defendants from enforcing several allegedly unconstitutional conditions of parole.

26   For the reasons set forth below, the Court DENIES Plaintiff's Motion for Emergency

27   Preliminary Injunctive Relief (ECF No. 2).  Plaintiff may re-file the Motion and request a

28   hearing following notice to Defendants and briefing on the issue by both sides.

**BACKGROUND**

## I.   Factual Background

Plaintiff "was or is confined (actual custody) or on parole (constructive custody) by" CDCR.  (Pl.'s Civil Compl. in Accord with Title 42 U.S.C. § 1983 (ECF No. 2) ¶ 4 ("Complaint" or "Compl.").)  Plaintiff was found suitable for release on parole on February 15, 2023, and he was subsequently released on June 27, 2023.  (*See id.* ¶ 22.)  During this four-month period, Plaintiff initiated several meetings and discussions with his CDCR officers to prepare for his release, including requesting an "Interstate Compact Transfer" under the "Interstate Compact for Adult Offender Supervision" or "ICAOS" from supervision in California to supervision in Missouri, with no success.  (*See id.* ¶¶ 23, 26–27.)  Plaintiff eventually filed an administrative grievance regarding the transfer request that led to the paperwork being signed and initiated.  (*See id.* ¶ 30.)  However, Defendant Dorsey refused to file the request until December 27, 2023.  (*See id.* ¶ 31.)  Defendant Dorsey also failed to respond to Plaintiff's request for a travel pass for Christmas to see his family.  (*See id.* ¶¶ 34–35.)

Plaintiff tells a similar story with respect to his interactions with other agents while on parole, as Plaintiff had several assigned agents.  (*See* Compl. ¶ 40.)  For instance, during parole, Plaintiff tried moving to Pasadena, California after his parole was reassigned from Sacramento to Los Angeles 16 hours before his release.  (*See id* ¶¶ 25, 43.)  However, his then-assigned agent said that Plaintiff could not move into the residence without the location first being inspected.  (*See id.* ¶ 44.)  The officer allegedly never inspected the Pasadena residence.  (*See id.* ¶ 45.)

Finally, Plaintiff complains about having to complete sex offender treatment with an entity called "New Beginnings," which began on February 23, 2024.  (*See* Compl. ¶ 51.)  Plaintiff complains that he was compelled to sign documents waiving his Constitutional rights and to attend classes that caused Plaintiff to seek medical treatment for high blood pressure.  (*See id.* ¶¶ 51–52.)  Additionally, Plaintiff apparently had difficulties at the Department of Motor Vehicles "that resulted in delay

2

1  of obtaining a driver license, seek[ing] employment, and [participating in] socially

2  acceptable functions required of productive citizenry . . . ." (*Id.* ¶ 53.)

3       Plaintiff alleges various violations of his constitutional rights as a result of the

4  parole conditions Defendants imposed, including "rights guaranteed through the

5  Fourteenth Amendment, to Due Process, Equal Protection, and Double Jeopardy[.]"

6  (Compl. ¶ 1.)  Plaintiff seeks damages of $10,000,000 per Defendant and injunctive

7  relief, including the instant request for preliminary injunctive relief.  (*See id.* ¶ 82.)

8  **II.    Procedural Background**

9       Plaintiff filed his Complaint on May 1, 2024.  (*See* ECF No. 1.)  Plaintiff also filed

10  the instant Motion for Emergency Preliminary Injunctive Relief.  (*See* Pl.'s Mem. in

11  Supp. of a Mot. for Preliminary Injunction and Temporary Restraining Order (ECF No.

12  2-1) ("Motion" or "Mot.").)  According to Plaintiff, he provided "actual notice, or a

13  sufficient showing of efforts to provide notice to the affected part[ies.]"  (ECF No. 2-4

14  at 1.)  However, Plaintiff failed to attach any affidavits or declarations regarding the

15  notice or his efforts to effect notice, as required under the documents to be filed and

16  served on affected parties and counsel.  (*See id.* at 2.)

17  **DISCUSSION**

18       Plaintiff failed to comply with the Local Rules, which is sufficient reason to deny

19  the Motion.  *See, e.g.*, *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131

20  (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules

21  is well within a district court's discretion.").  Except in the most extraordinary of

22  circumstances, no temporary restraining order shall be granted in the absence of

23  actual notice to the affected party and/or counsel, by telephone or other means, or a

24  sufficient showing of efforts made to provide notice.  E.D. Cal. R. 231(a) (Mar. 1, 2022)

25  (citing Fed. R. Civ. P. 65(b)).  Appropriate notice would inform the affected party

26  and/or counsel of the intention to seek a temporary restraining order, the date and

27  time for hearing to be requested of the Court, and the nature of the relief to be

28  requested.  *Id.*  Absent actual and appropriate notice, the movant seeking a TRO must

state "in writing any efforts made to give notice and the reasons why it should not be required[ ]" under the Federal Rules, Fed. R. Civ. P. 65(b)(1)(B), and "detail[ ] the notice or efforts to effect notice to the affected parties or counsel or show[ ] good cause why notice should not be given," E.D. Cal. R. 231(c)(6) (citing E.D. Cal. R. 142 on affidavits). Plaintiff has not provided any details regarding whether he has provided actual notice, whether he tried to use reasonable efforts, or whether he should not be required to provide notice.  Moreover, it does not appear to the Court that the Plaintiff has established immediate and irreparable injury that will result before the Defendants can be heard in opposition.  See Fed. R. Civ. P. 65(b)(1)(B).

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Emergency Preliminary Injunctive Relief (ECF No. 2) is DENIED WITHOUT PREJUDICE.

This matter is referred to the Magistrate Judge for all further pretrial proceedings.  See E.D. Cal. R. 302(c)(21).


IT IS SO ORDERED.

Dated:   **May 10, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Nible.24cv1259.Emergency.TRO

4