UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LYLE NIBLE, | Case No. 2:24-cv-1259-DJC-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING EXTENSION OF TIME TO SERVE AND DENYING MOTION |
| JEFF MACOMBER, et al., | TO SUPPLEMENT WITHOUT PREJUDICE |
| Defendants. | (ECF Nos. 13, 14) |

      On May 1, 2024, Plaintiff William Lyle Nible, who is proceeding pro se, filed a complaint that named Jeff Macomber and Tommee Dorsey as defendants. (ECF No. 1). On July 1, 2024, Plaintiff filed his first amended complaint, naming as defendants Macomber, Dorsey, and nine new defendants: "Jessika Richardson, Alison Woodruff, Jason Johnson, Stephenie Reyes, Mr. Lugar, H. Mosley, Julie Raskin-Lee, Mr. St. Louis, and Broomfield." (ECF No. 11). Presently pending before the Court are Plaintiff's motion for leave to file a supplemental complaint (ECF No. 13) adding Jadi Howard as a defendant, and a motion for extension of time to serve all defendants (ECF No. 14).[1]

      For the reasons that follow, Plaintiff's motion to supplement is DENIED WITHOUT PREJUDICE and Plaintiff is GRANTED until October 20, 2024 to serve defendants.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

## I. AMENDED AND SUPPLEMENTAL PLEADINGS

Federal Rule of Civil Procedure 15 allows a party to amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of a responsive pleading (if a response is required) or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). In all other cases, amendment of a pleading requires either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court is to give leave when justice requires. *Id*. This leave is limited, however, where the opposing party may suffer undue prejudice, there is bad faith by the movant, futility, or undue delay. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). Rule 15 also allows the court to permit a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Further, the court may permit supplementation even though the original pleading is defective in stating a claim or defense. *Id.* Eastern District of California Local Rule 220 requires amended or supplemental pleadings to be "retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." This rule states that "[n]o pleading shall be deemed amended or supplemented until this Rule has been complied with."

Here, Plaintiff's motion to supplement the pleadings does not comport with Local Rule 220. The motion sets forth Plaintiff's argument for why he should be allowed to supplement under Rule 15(d), stating he was unaware of Howard's acts when he filed the first amended complaint and his claims against Howard are related to his claims against the other defendants. However, Plaintiff did not submit the proposed new supplemental pleading, and his filing does not restate Plaintiff's allegations against Macomber, Dorsey, and the nine other defendants named in the first amended complaint. Thus, Plaintiff's filing cannot be deemed an amended or supplemental complaint, and the Court denies Plaintiff's motion to supplement without prejudice. *See* E.D. Cal. Local Rule 220. Should Plaintiff wish to add Howard as a defendant, allege a new claim against Howard, and/or re-allege the claims against the defendants already

2

named in the first amended complaint (which appears to be the case), he shall restate all claims against all defendants in a single filing that accompanies his request under Rule 15. In addition, it does not appear that Rule 15(d) is applicable here because the underlying incident at issue allegedly involving Howard occurred on June 19, 2024, before Plaintiff filed his first amended complaint on July 1, 2024. *See* Fed. R. Civ. P. 15(d). Plaintiff may need to request leave to amend his first amended complaint under Rule 15(a), rather than requesting leave to supplement his first amended complaint under Rule 15(d). *See* Fed. R. Civ. P. 15(a).

If Plaintiff elects to proceed with requesting leave to add Howard as a defendant, Plaintiff must file a request for leave under Rule 15 and also file a proposed second amended complaint within 30 days of this order. A failure to file such documents within 30 days of this order will be interpreted as Plaintiff's election to proceed on the first amended complaint as it was filed on July 1, 2024 (ECF No. 11).

**II.     SERVICE OF PROCESS**

Federal Rule of Civil Procedure 4(m) requires that defendants be served with process within 90 days after the complaint is filed. If the plaintiff fails to meet this deadline, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* However, Rule 4(m) instructs the court to extend the time to serve "for an appropriate period" if the plaintiff shows good cause for the failure to timely serve process.

Relevant here, courts have found that the filing of an amended complaint does not restart the time for service under Rule 4(m) "except as to those defendants newly added in the amended complaint." *Carr v. Int'l Game Tech.*, 770 F. Supp. 2d 1080, 1100 (D. Nev. 2011) (*citing Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)).

Here, Plaintiff's original complaint was filed on May 1, 2024 and named Macomber and Dorsey as defendants. (ECF No. 1.) Under Rule 4(m), these Defendants needed to be served with the complaint by August 1, 2024. Plaintiff filed his first

amended complaint as a matter of right on July 1, 2024 under Rule 15(a)(1)(B), reasserting claims against Macomber and Dorsey and adding nine new defendants. (ECF No. 11.) Under *Carr* and *Bolden*, Plaintiff would have until October 1, 2024 to serve the nine new defendants—but only until August 1 to serve Macomber and Dorsey. Plaintiff asserts he attempted service himself by mail but recognizes that an independent process server is required. (ECF No. 14.) Plaintiff states he only recently had funds to hire an independent process server and is now ready to attempt proper service under Rule 4. (*Id.*) Given Plaintiff proceeds without counsel in this action and given his previous lack of access to funds, the Court finds good cause to extend the time to serve Macomber and Dorsey. Though the time to serve the nine other defendants has yet to run, the Court also grants a limited extension to serve these defendants. Service of the first amended complaint on the eleven defendants (Macomber, Dorsey, Richardson, Woodruff, Johnson, Reyes, Lugar, Mosley, Raskin-Lee, St. Louis, and Broomfield) is now due by October 20, 2024. *See* Fed. R. Civ. P. 4(m).

Finally, Plaintiff is advised that should he refile his motion to amend or supplement to name new defendants not named in the first amended complaint (including Howard) and his motion is granted, this will require service of this new complaint (the second amended complaint) on all defendants named in the new complaint.

Alternatively, Plaintiff can elect to proceed with his first amended complaint filed on July 1, 2024 and complete service of the first amended complaint on all defendants named in the first amended complaint by October 20, 2024.

## **ORDER**

In summary, the Court ORDERS:

1. Plaintiff's motion to supplement (ECF No. 13) is DENIED WITHOUT PREJUDICE;
2. If Plaintiff elects to proceed with requesting leave to add Howard as a defendant, within 30 days of this order, Plaintiff must file a request for leave

Case 2:24-cv-01259-DJC-CSK   Document 15   Filed 08/21/24   Page 5 of 5

   under Rule 15 and also file a proposed second amended complaint that shall state all claims against all defendants in a single filing. A failure to file such documents within 30 days of this order will be interpreted as Plaintiff's election to proceed on the first amended complaint filed on July 1, 2024;

3. Plaintiff's motion for an extension of time to serve defendants (ECF No. 14) is GRANTED IN PART; and

4. If Plaintiff elects to proceed on the first amended complaint, all defendants named in the first amended complaint shall be served by October 20, 2024.

Dated: 08/21/24

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, nibl.1259

5