1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM LYLE NIBLE,                    Case No. 2:24-CV-01259-DJC-CSK-PS

12                     Plaintiff,

13         v.                               ORDER & FINDINGS AND
                                            RECOMMENDATIONS TO DENY MOTION
14   JEFF MACOMBER ET AL.,                  FOR EMERGENCY PRELIMINARY
                                            INJUNCTION AND TEMPORARY
15                     Defendants.          RESTRAINING ORDER

16                                          (ECF No 17)

17

18         Plaintiff William Lyle Nible brings a pro se First Amended Complaint ("FAC")

19   alleging violations of his federal constitutional rights under 42 U.S.C. § 1983 by Jeffrey

20   Macomber, the Secretary for the California Department of Corrections and Rehabilitation

21   ("CDCR"); Tommee Dorsey, a Parole Agent with CDCR; Jessika Richardson, a

22   Supervising Officer with the Interstate Commission for Adult Offender Supervision

23   ("ICAOS"); Allison Woodruff; Jason Johnson, the Director of ICAOS; Stephenie Reyes;

24   Mr. St. Louis, a Supervisor at Placer County Division of Adult Parole Operations

25   ("DAPO"); Broomfield, the Warden at San Quentin Prison; Mr. Lugar, a Supervisor at

26   Placer County DAPO); H. Moseley; and Julie Raskin-Lee (together, "Defendants"). *See*

27   / / /

28   / / /

                                            1

1  FAC (ECF No. 11).[1] Plaintiff files a renewed emergency preliminary injunction and

2  temporary restraining order ("TRO") against Defendants, asking that the Court enjoin

3  Defendants from enforcing several allegedly unconstitutional conditions of parole. Pl.

4  Emergency Mot. No. 2 (ECF No. 17).

5         For the reasons set forth below, the Court recommends DENYING Plaintiff's

6  Motion for Emergency Preliminary Injunctive Relief and Temporary Restraining Order,

7  and providing Plaintiff with the opportunity to re-file the motion and request a hearing

8  after Plaintiff provides notice to all Defendants and after briefing by both sides.

9  **I.      BACKGROUND**

10        **A.      Factual Background**

11        After serving twenty-five years in prison, Plaintiff was found suitable for release on

12  parole on February 15, 2023, and was subsequently released on June 27, 2023. Pl.

13  Emergency Mot. No. 2 (ECF No. 17-2 at 2); William Lyle Nible Decl. ¶ 7 (ECF No. 17-3

14  at 2). After learning of his impending release, Plaintiff requested an interstate transfer to

15  Missouri in accordance with ICAOS, which was refused. Nible Decl. ¶ 5. After his

16  release, plaintiff was placed in Los Angeles County, and his requests to transfer to

17  Sacramento County and Missouri were also refused. *Id.* ¶¶ 8, 9; FAC at 11-12. Plaintiff

18  complains that he was unconstitutionally required to wear a GPS ankle monitoring

19  device, attend sex offender treatment program classes, and that he had allegedly

20  unconstitutional conditions of parole placed on him. FAC at 11,14; *see* Pl. Emergency

21  Mot. No. 2 (ECF No. 17-2 at 3). Plaintiff further alleges various violations of his

22  constitutional rights as a result of the parole conditions Defendants imposed, including

23  "Constitutionally protected rights, Due Process and Equal Protection, [and] Double

24  Jeopardy." FAC at 10. Plaintiff seeks damages and injunctive relief, including the instant

25  request for preliminary injunctive relief. *See id.* at 18.

26  / / /

27

28  [1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1    **B.     Procedural Background**

2    Plaintiff initiated this action by filing his initial complaint concurrently with his first

3    Motion for Emergency Preliminary Injunction and TRO. (ECF No. 2.) That motion was

4    denied for failing to comply with Local Rule 231 and Federal Rule of Civil Procedure 65

5    where Plaintiff failed to provide notice to the affected parties. *See* 5/10/2024 Order

6    Denying Mot. for Emergency Prelim. Inj. at 3-4 (ECF No. 6). Plaintiff filed his FAC on

7    July 1, 2024. *See* FAC. Plaintiff then requested leave to file a supplemental complaint to

8    add a new defendant. (ECF No. 13.) The Court denied this motion without prejudice for

9    failing to comply with Local Rule 220 where Plaintiff did not submit a new proposed

10   pleading and did not restate the allegations against the other current defendants.

11   8/21/2024 Order at 2 (ECF No. 15). Plaintiff also filed a motion for an extension of time

12   to serve the summons and complaint on Defendants (ECF No. 14), which the Court

13   granted, extending the service deadline until October 20, 2024.[2] 8/21/2024 Order at 4.

14   Defendant Moseley filed an answer to Plaintiff's FAC on September 17, 2024. (ECF No.

15   16.)

16   On October 2, 2024, Plaintiff filed his second Motion for Emergency Preliminary

17   Injunctive Relief and a TRO. *See* Pl. Emergency Mot. No. 2.

18   **II.    DISCUSSION**

19   **A.     Plaintiff's Second TRO Motion is Procedurally Deficient**

20   Plaintiff moves for a temporary restraining order and an emergency preliminary

21   injunction pursuant to Federal Rules of Civil Procedure 65 against all Defendants.

22   Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without

23   notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading

24   show that immediate and irreparable injury, loss, or damage will result before the

25   opposing party may be heard; and (2) the movant certifies in writing efforts made to give

26   notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This

27

28   [2] From a review of the docket, it does not appear that Plaintiff has served any other
     Defendant besides Moseley.

1    Court's Local Rules also set forth certain procedural mandates for a temporary

2    restraining order to issue, including that the movant provide the following documents:

3    (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant

4    legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit

5    detailing the notice or efforts undertaken or showing good cause why notice should not

6    be given; (6) a proposed temporary restraining order and provision for bond; (7) a

7    proposed order with blank for fixing time and date for a hearing; and (8) where a

8    temporary restraining order is requested ex parte, the proposed order should also notify

9    the affected parties of the right to apply to the Court for modification or dissolution on two

10   (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule

11   231(c).

12         Like his first TRO motion, Plaintiff's second TRO motion is procedurally deficient

13   because Plaintiff has not complied with the requirement to provide notice to all affected

14   parties. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(a) & 231(c)(5). This is

15   concerning because in the May 10, 2024 Order denying Plaintiff's first TRO request, the

16   Court expressly found that Plaintiff failed to provide proper notice of Plaintiff's emergency

17   request to affected parties. *See* 5/10/2024 Order at 3-4. Like his first TRO motion,

18   Plaintiff has not provided any details regarding whether he has provided actual notice,

19   whether he tried to use reasonable efforts, or whether he should not be required to

20   provide notice. There is no reference in Plaintiff's motion, Plaintiff's declaration, or the

21   docket regarding any such efforts. *See* Pl. Emergency Mot. No. 2 (ECF No. 17); Nible

22   Decl. (ECF No. 17-3 at 2); Docket. Plaintiff's motion includes an attachment titled "Notice

23   of Motion for Injunction," which states, in relevant part: "PLEASE TAKE NOTICE that [on

24   a date and time to be determined], or as soon thereafter as counsel may be heard,

25   [plaintiff], will move this Court for an order mandating that the Department of Corrections,

26   parole division cease and desist from enforcing unconstitutional directives upon the

27   plaintiff." Pl. Notice (ECF No. 17-1). However, this document is not addressed to anyone

28   and there is no indication that Plaintiff provided this notice to any Defendant. *See id.*; Pl.

1   Emergency Mot. No. 2; Docket.

2       It appears that only one defendant has been served with the summons and the

3   FAC so far as only one defendant has made an appearance in this action and

4   responded to the FAC. *See* Docket. Defendant Moseley,[3] who is represented by

5   counsel, has filed an answer to the FAC. Moseley Answer. As a result, Defendant

6   Moseley has received actual notice of Plaintiff's second TRO through the ECF filing

7   system. Though it appears that Plaintiff failed to properly notify Defendant Moseley of

8   this second TRO, Defendant Moseley has received actual notice of the second TRO.

9       Plaintiff failed to comply with Rule 65(b)(1)(B) and Local Rule 231(c)(5) because

10  he did not make efforts to provide notice of his motion to the remaining Defendants

11  Macomber, Dorsey, Richardson, Woodruff, Johnson, Reyes, St. Louis, Broomfield,

12  Lugar, and Raskin-Lee, and did not provide reasons why notice on these defendants

13  should not be required. *See* Pl. Emergency Mot. No. 2; Nible Decl. Courts regularly deny

14  TROs for failing to comply with the stringent requirements of Rule 65(b)(1), including

15  those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d

16  1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying

17  the issuance of an ex parte TRO"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D.

18  Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule

19  65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1

20  (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at

21  *1 (W.D. Wash. Aug. 31, 2010) (same). In addition, Plaintiff's failure to comply with the

22  Local Rules' requirements for TROs is sufficient justification to deny the motion.[4] *See*

23  *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial

24  of a motion as the result of a failure to comply with local rules is well within a district

25

26  [3] The Docket spells Defendant's name "Mosley," but defendant's answer spells the
    name "Moseley." The Court uses the correct spelling of "Moseley."

27

28  [4] In addition, Plaintiff did not submit the proposed orders required by Local Rule
    231(c)(6)-(8) or the TRO Checklist.

5

1  court's discretion.").

2      The Court therefore recommends denial of this second TRO motion based on

3  these procedural deficiencies.

4      **B.      Plaintiff's Request for Judicial Notice**

5      Included with Plaintiff's TRO is his request that the Court take judicial notice of

6  "the fact that the Department of Corrections, Parole Division, is making false and

7  misleading statements intentionally concerning Plaintiff's convictions." (ECF No. 17-5 at

8  2.) A court may take judicial notice of "a fact that is not subject to reasonable dispute"

9  because it "is generally known within the trial court's territorial jurisdiction" or "can be

10  accurately and readily determined from sources whose accuracy cannot be reasonably

11  questioned." Fed. R. Evid. 201(b). Here, the asserted fact is neither generally known nor

12  can it be accurately or readily determined. *See Peralta v. Swetalla*, 2022 WL 783014, at

13  *3 (E.D. Cal. Mar. 11, 2022). Therefore, Plaintiff's Request for Judicial Notice is denied.

14  **III.    CONCLUSION**

15      It is **ORDERED** that Plaintiff's request for judicial notice (ECF No. 17-5) is

16  DENIED.

17      It is FURTHER **RECOMMENDED** that Plaintiff's Motion for Temporary

18  Restraining Order and Preliminary Injunction (ECF No. 17) be DENIED.

19      These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

21  14 days after being served with these findings and recommendations, any party may file

22  written objections with the Court and serve a copy on all parties. This document should

23  be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

24  reply to the objections shall be served on all parties and filed with the Court within 14

25  days after service of the objections. Failure to file objections within the specified time

26  may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

27  / / /

28  / / /

6

1    455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

2

3    Dated:  October 15, 2024

4    _____
     CHI SOO KIM

5    UNITED STATES MAGISTRATE JUDGE

6    5, nibl1259.24

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28