UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LYLE NIBLE,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, et al.,<br><br>Defendants. | Case No. 2:24-cv-01259-DJC-CSK<br><br>ORDER DENYING DEFENDANTS' REQUEST TO SCREEN FIRST AMENDED COMPLAINT AND STAY PROCEEDINGS<br><br>(ECF No. 21, 26) |

Plaintiff William Lyle Nible is proceeding in this action pro se.[1] Pending before the Court is Defendants J. Macomber, T. Dorsey, S. Reyes, C. Lugar, H. E. Moseley, R. St. Louis-Franklin, R. Broomfield's ("Defendants") motion to stay proceedings pending Defendants' request for screening of Plaintiff's First Amended Complaint ("FAC") pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). (ECF Nos. 21, 26.) For the reasons stated below, the Court DENIES Defendants' request for screening Plaintiff's FAC (ECF No. 21) and DENIES Defendants' motion to stay proceedings (ECF No. 26).

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c). A magistrate judge has authority to determine a party's motion to stay civil proceedings under 28 U.S.C. § 636(b)(1)(A). *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (holding motion to stay civil proceedings is a nondispositive motion that may be determined by a magistrate judge under § 636(b)(1)(A)).

In their request for screening, Defendants argue Plaintiff's FAC requires screening pursuant 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(2) because Plaintiff "remains incarcerated while he is on parole" and continues to remain in "legal custody of the California Department of Corrections through the remainder of his term" as an "inmate-turned parolee." Defs. Mot. Screen at 2 (ECF No. 21). The Court disagrees.

"[A] court may screen a complaint pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint, he is incarcerated or detained in any facility because he is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (internal quotation marks omitted). At the time of the filing of Plaintiff's Complaint, Plaintiff was not a prisoner. *See* ECF No. 1. "28 U.S.C. § 1915A applies only to claims brought by individuals incarcerated at the time they file their complaints." *Olivas*, 856 F.3d at 1282 (concluding that former prisoner who had been released from custody before filing suit was not a "prisoner" under the Prisoner Litigation Reform Act). Additionally, Defendants do not argue that Plaintiff was incarcerated at the time of his initial filing, rather, Defendants argue that Plaintiff's parole is akin to being "in custody" pursuant to 28 U.S.C. § 1915A. Defs. Mot. Screen at 2. As a result, the mandatory initial screening of complaints brought by prisoners under 28 U.S.C. § 1915A is not applicable to Plaintiff's FAC. Therefore, the Court DENIES Defendants' request for screening. Because the Court finds that screening of the FAC is not applicable here, the Court DENIES Defendants' motion to stay proceedings pending Defendants' request for screening as moot.

Further, the Court notes that Defendant H. E. Moseley has filed an Answer. (ECF No. 16.) Defendants J. Macomber, T. Dorsey, S. Reyes, C. Lugar, R. St. Louis-Franklin, and R. Broomfield have not filed their pleadings responding to the FAC. *See* Docket. Accordingly, on the Court's own motion, the Court extends Defendants J. Macomber, T. Dorsey, S. Reyes, C. Lugar, R. St. Louis-Franklin, and R. Broomfield's deadline to

respond to the FAC to thirty (30) days from the date of this Order.

For the reasons provided above, it is HEREBY ORDERED that:

1. Defendants' request for screening (ECF No. 21) is DENIED;
2. Defendants' motion to stay (ECF No. 26) is DENIED as moot; and
3. Defendants J. Macomber, T. Dorsey, S. Reyes, C. Lugar, R. St. Louis-Franklin, and R. Broomfield must file their response to the FAC within thirty (30) days of this Order.

Dated: January 15, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, nibl1259.24