UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NYLE NIBLE, | Case No. 2:24-cv-01259-DJC-CSK |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT RASKIN-LI'S MOTION TO DISMISS |
| JEFF MACOMBER, et al., | |
| Defendants. | |
| | (ECF No. 30) |

Pending before the Court is Defendant Julie Raskin-Li's[1] motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), which is fully briefed. (ECF Nos. 30, 36, 37, 39).[2] A hearing was held on January 21, 2025. For the reasons stated below, the Court recommends GRANTING Defendant Raskin-Li's motion to dismiss. The Court recommends dismissing Plaintiff's Due Process, Equal Protection, and Double Jeopardy claims as to Defendant Raskin-Li without leave to amend as amendment would be futile.

/ / /

/ / /

---

[1] Defendant Raskin-Li's name in incorrectly spelled in the FAC as "Raskin-Lee." *See* ECF No. 11. The Clerk of the Court is directed to update the docket to reflect the correct spelling of Defendant Raskin-Li's name.

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

I.      BACKGROUND

   A.      Factual Background

These facts primarily derive from the First Amended Complaint ("FAC") (ECF No. 11), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).[3]

The FAC generally alleges that "[t]he California Department of Corrections, the interstate compact for adult offender supervision, (Missouri and California) have violated Plaintiff's right by their not allowing Plaintiff to transfer to Missouri and further placing unauthorized parole conditions upon Plaintiff." FAC at 9. Plaintiff alleges he was forced to parole to Los Angeles and was required to participate in "programing that was counter productive to his reentry back into society." *Id*. at 18. Plaintiff alleges the events took place in Sacramento County, Los Angeles County, and Placer County on February 23, 2023, and that "events are continuous and ongoing." *Id*. at 9. Plaintiff alleges his constitutional rights have been violated, including the "Fourteenth Amendment; Fourth Amendment, Fifth Amendment, First Amendment, [and] State and Federal Whistleblower Act." *Id*. at 8.

Specifically, as to Defendant Raskin-Li, the FAC's allegations are narrow and limited. Raskin-Li is identified as a New Beginnings "clinician," who is an independent contractor employed by the State of California. FAC at 7, ¶ 22; 15, ¶ 25. Plaintiff alleges "Defendant, Mr. Lugar (Supervisor) through Mr. Hollar (Parole Agent) directed Plaintiff to report to 'New Beginnings' treatment program and participate in sex offender treatment by the staff from New Beginnings, 'Julie Raskin-L[i].'" FAC at 15, ¶ 22. Plaintiff alleges

---

[3] The background of this case has also been discussed in prior orders. *See* 5/10/2024 Order Denying Mot. for Emergency Prelim. Inj. at 2-3 (ECF No. 6); 10/15/2024 Order & Findings and Recommendations to Deny Mot. for Emergency Prelim. Inj. and Temp. Restraining Order (ECF No. 18). However, for purposes of this motion to dismiss, the Court limits its review to the FAC.

Defendant Raskin-Li "acting under color of law," deprived Plaintiff of "Constitutionally protected rights, Due Process and Equal Protection, Double Jeopardy" by "maliciously, willfully, and with deliberate indifference" coercing Plaintiff "into signing an unconscionable contract while acting as an independent contractor, under the threat of incarceration" and for refusing "to provide Plaintiff a copy of said contract, or to complete the contract, or allow Plaintiff to generate a copy on Plaintiff's phone or by other means." *Id*. at 15-16, ¶¶ 24-25. Plaintiff further alleges Defendant Raskin-Li "has and continues to collect funds from the State for Plaintiff's coerced participation." *Id*. at 16, ¶ 25.

For relief, Plaintiff seeks damages and injunctive relief. *Id*. at 18.

### B.     Procedural Background

Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 on May 1, 2024. *See* ECF No. 1. Concurrently with his initial complaint, Plaintiff filed his first Motion for Emergency Preliminary Injunction and Temporary Restraining Order ("TRO"), which was denied based on procedural deficiencies. *See* 5/10/2024 Order Denying Mot. for Emergency Prelim. Inj.  On July 1, 2024, Plaintiff filed his FAC. *See* FAC. On August 12, 2024, Plaintiff filed a request to file a supplemental complaint to add a new complaint (ECF No. 13) and a 60-day extension of time to serve the summons and complaint on Defendants (ECF No. 14). On August 21, 2024, Plaintiff's request to file a supplemental complaint was denied without prejudice for failure to comply with Local Rule 220. 8/21/2024 Order Granting Ext. of Time to Serve and Denying Mot. to Suppl. Without Prej. (ECF No. 15). The Court granted Plaintiff's motion for extension of time and extended the service deadline of the FAC until October 20, 2024. *Id.*

On September 17, 2024, Defendant H. E. Moseley filed an answer. (ECF No. 16.) On October 2, 2024, Plaintiff filed his second Motion for Emergency Preliminary Injunctive Relief and TRO, which was denied based on procedural deficiencies. *See* 10/15/2024 Order & Findings and Recommendations to Deny Mot. for Emergency Prelim. Inj. and Temp. Restraining Order; 12/27/2024 Order Adopting 10/15/2024 Findings and Recommendations (ECF No. 38). Defendants J. Macomber, T. Dorsey, S.

Reyes, C. Lugar, H. E. Moseley, R. St. Louis-Franklin, R. Broomfield's filed a request for screening of Plaintiff's FAC pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) on October 25, 2025. (ECF Nos. 21.) On November 14, 2024, Defendants J. Macomber, T. Dorsey, S. Reyes, C. Lugar, H. E. Moseley, R. St. Louis-Franklin, R. Broomfield's filed a motion to stay proceedings pending their request for screening of Plaintiff's FAC. (ECF No. 26.) On January 15, 2025, the Court denied Defendants J. Macomber, T. Dorsey, S. Reyes, C. Lugar, H. E. Moseley, R. St. Louis-Franklin, R. Broomfield's request for screening and motion to stay proceedings. 1/15/2024 Order Denying Defs.' Req. to Screen FAC and Stay Proceedings (ECF No. 44). Defendants J. Macomber, T. Dorsey, S. Reyes, C. Lugar, R. St. Louis-Franklin, R. Broomfield were granted thirty days from the date of the Order to file their responsive pleadings. *Id.*

On November 25, 2024, Defendant Raskin-Li filed the instant motion to dismiss. Def. Mot. (ECF No. 30). Defendant Raskin-Li moves to dismiss all claims against her for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). *Id*. On December 17, 2024, the Court issued a Minute Order setting a new briefing schedule of the motion to dismiss because Defendant Raskin-Li did not serve Plaintiff until December 3, 2024. 12/17/2024 Minute Order (ECF No. 34). Plaintiff timely filed his opposition and declaration on December 23, 2024. (ECF Nos. 36, 37.) Defendant Raskin-Li filed her timely reply on January 2, 2025. (ECF No. 39.) A hearing was held on January 21, 2025. Attorney Blaze Van Dine appeared on behalf of Defendant Raksin-Li. (ECF No. 45).  Plaintiff did not appear for the hearing and the Court was not informed by Plaintiff that he would not be attending the hearing. *Id*.

II.     **LEGAL STANDARDS**

    **A.     Pro Se Pleadings, Construction and Amendment**

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th

4

Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B. Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 1071.

## III. DISCUSSION

Defendant Raskin-Li moves to dismiss Plaintiff's claims against her under Rule 12(b)(6). The Court considers Defendant Raskin-Li's arguments with respect to each of Plaintiff's claims solely as to Defendant Raskin-Li. Because the FAC claims against Defendant Raskin-Li are narrowly limited as described below and do not address Plaintiff's parole conditions, the Court does not address whether Plaintiff's other FAC claims are properly brought pursuant to 42 U.S.C. § 1983.

Prior to addressing Defendant Raskin-Li"s grounds for dismissal, the Court first addresses Plaintiff's electronic signature on his filings.

### A.     Personal Signature Requirement for Pro Se Parties

Every pleading, motion, or paper filed with the court must be signed by at least one attorney of record if represented, or personally signed by a party if not represented by an attorney. Fed. R. Civ. P. 11(a); E.D. Cal. L.R. 131(b). Plaintiff did not personally sign either his opposition or declaration as required, and instead typed his name in the signature field. *See* ECF Nos. 36 at 8; 37 at 3. The Court is further aware that Plaintiff is able to personally sign his filings based on his previous filings that he has personally signed, such as the First Amended Complaint. *See* FAC at 19. The Court will make a limited exception and consider Plaintiff's opposition and declaration despite the failure to personally sign both documents, rather than order Plaintiff to re-file signed versions. Plaintiff is instructed that while he remains pro se, he must comply with Federal Rule of Civil Procedure 11 and Local Rule 131(b), and personally sign all future pleadings, motions, and papers submitted to the court rather than typing his name as his signature. **Plaintiff is cautioned that future filings that do not comply with the rules will be stricken.**

### B.     42 U.S.C. § 1983 Requirements

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983. *See also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011).

The FAC alleges Defendant Raskin-Li violated Plaintiff's constitutional rights, including "constitutionally protected rights, Due Process and Equal Protection, [and] Double Jeopardy," FAC at 15-16, ¶¶ 24-25. Plaintiff alleges Defendant Raskin-Li acted under the color of state law as an independent contractor for the State of California and that she deprived Plaintiff of his constitutional rights by coercing Plaintiff "into signing an unconscionable contract" and refusing to provide Plaintiff "a copy of said contract, or to complete the contract, or allow Plaintiff to generate a copy on Plaintiff's phone or by other means." *Id*. Plaintiff alleges Defendant Raskin-Li "has and continues to collect funds from the State for Plaintiff's coerced participation." *Id*. at 16, ¶ 25.

1. <u>Under Color of State Law</u>

Defendant Raskin-Li argues the FAC fails to allege facts to support Plaintiff's allegations that Defendant Raskin-Li acted under color of state law. Def. Mot. at 6. Generally, conduct by a private individual is presumed to not be state action. *Florer*, 639 F.3d at 922. Conduct taken by a private individual may be under color of state law where there is "significant state involvement in the action." *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (internal quotation marks and citation omitted). "The Supreme Court has explained that 'the traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Florer*, 639 F.3d at 922 (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

Plaintiff has sufficiently pled that Defendant Raskin-Li acted under color of state law. *See* FAC at 15-16, ¶¶ 24 ("employed by the State of California"), 25 ("Defendant has and continues to collect funds from the State for Plaintiff's coerced participation"). The Court further notes that Defendant Raskin-Li does not argue that she was *not* acting under color of state law, merely that the FAC does not sufficiently plead that she was. *See* Def. Mot. & Reply.

/ / /

7

      **C.**    **Constitutional Violations**

          1.    <u>Due Process</u>

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property. U.S. Const. amend. XIV, § 1; *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When analyzing a procedural due process claim, courts must determine whether a plaintiff was deprived of a constitutionally protected liberty or property interest and whether that deprivation was accompanied by sufficient procedural protections. *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022).

    The FAC does not allege a constitutionally protected liberty or property interest as to Plaintiff's narrow claims against Defendant Raskin-Li, which are limited to alleging Defendant Raskin-Li coerced Plaintiff into signing a contract and refused to provide Plaintiff with a copy of this contract. *See* FAC at 15-16, ¶¶ 24-25. Though not directly alleged, it appears that the contract is related to Plaintiff's sex offender treatment at New Beginnings. *See id*. at 15, ¶ 22. It's unclear, however, what liberty or property interest is at stake in this contract.

    Plaintiff concedes as much because in his opposition, Plaintiff argues that his liberty interest is at stake based on the parole conditions imposed by California Penal Code § 3008 requiring Plaintiff to register as a sex offender. Pl. Opp'n (ECF No. 36 at 3-4). This argument does not have anything to do with Plaintiff's narrow claims against Defendant Raskin-Li, a New Beginnings clinician, as there is no allegation in the FAC that Raskin-Li had any involvement in or connection to imposing parole conditions on Plaintiff or the requirement that Plaintiff register as a sex offender. *See* FAC.

    In determining whether to grant leave to amend, the Court also considered that Plaintiff has not identified any facts or arguments in his opposition or declaration that would save his due process claim against Defendant Raskin-Li. *See Broam*, 320 F.3d at 1026 n.2. The Court therefore recommends dismissing Plaintiff's due process claim against Defendant Raskin-Li without leave to amend because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Cato v. United*

*States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### 2. Equal Protection

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation and internal quotation marks omitted). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing *Maynard v. City of San Jose,* 37 F.3d 1396, 1404 (9th Cir.1994) (internal quotation marks omitted)). Defendant Raskin-Li argues the FAC does not allege that she failed to treat similarly situated persons equally, or that she intentionally discriminated against Plaintiff due to Plaintiff's membership in a protected class. Def. Mot. at 5.

The Court concludes that the FAC fails to allege an equal protection claim against Defendant Raskin-Li. First, the FAC does not allege Plaintiff is a member of a protected class. *See* FAC. Even assuming, arguendo, that Plaintiff is alleging as a parolee is a member of a protected class, courts have consistently held "[p]arolees are not members of a protected class." *Turner v. Larsen*, 2012 WL 12899114, at *6 (N.D. Cal. Apr. 19, 2012), *aff'd*, 536 F. App'x 748 (9th Cir. 2013) (citing *Smith v. Sisto*, 2009 WL 3294860, at *6 (E.D. Cal. Oct. 13, 2009)); *see also Lopez v. City of Santa Ana*, 2015 WL 9918408, at *6 (C.D. Cal. Dec. 21, 2015), *report and recommendation adopted*, 2016 WL 344501 (C.D. Cal. Jan. 26, 2016), *aff'd*, 698 F. App'x 401 (9th Cir. 2017) (parolees not a suspect or quasi-suspect class for equal protection analysis). Alternatively, the FAC also does not plead facts to support a potential "class of one" claim because "plaintiff does not plead facts showing that any other similarly situated individuals were treated differently than he was by the defendants." *See Turner*, 2012 WL 12899114 at *6. In Plaintiff's declaration submitted in support of his opposition, Plaintiff argues that "the State has created two classes: the first class is not punishable under Penal Code § 3008, while the

1  second class is punishable in accordance with Penal Code § 3008." Pl. Decl. ¶ 4 (ECF
2  No. 37). This is not pled in the FAC. *See* FAC.

3  Second, even if membership in a protected class had been pled in the FAC, the
4  equal protection claim still fails because the FAC also does not allege that Plaintiff
5  himself was discriminated against or treated differently by Defendant Raskin-Li based on
6  such membership.[4] The FAC generally asserts that Defendant Raskin-Li "coerced" him
7  into signing an "unconscionable contract" and refused to provide Plaintiff with a copy of
8  said contract. FAC at 15-16, ¶¶ 24-25. Plaintiff does not state a cognizable equal
9  protection claim based on different treatment from similarly situated persons or that he
10 was discriminated against based on his membership in a protected class. Plaintiff has
11 not alleged membership in a protected class, discriminatory treatment by Defendant
12 Raskin-Li, or discriminatory intent by Defendant Raskin-Li.

13 In determining whether to grant leave to amend, the Court also considered that
14 Plaintiff has not identified any facts or arguments in his opposition or declaration that
15 would save his equal protection claim against Defendant Raskin-Li. *See Broam*, 320
16 F.3d at 1026 n.2. The Court therefore recommends dismissing Plaintiff's equal protection
17 claim against Defendant Raskin-Li without leave to amend. *See Lopez*, 203 F.3d at
18 1130-31; *Cato*, 70 F.3d at 1105-06.

19        3.    <u>Double Jeopardy</u>

20 The Double Jeopardy Clause of the Fifth Amendment protects against punishing
21 a defendant multiple times for the same offense and prohibits successive prosecutions
22 for the same offense after acquittal or conviction. U.S. Const. amend. V; *Witte v. United*
23 *States*, 515 U.S. 389, 395 (1995). Defendant Raskin-Li argues Plaintiff fails to sufficiently
24 allege that Defendant Raskin-Li "subjected Plaintiff to the hazards of trial and possible

---

[4] This includes Plaintiff's argument in his declaration that he is a parolee who is not punishable under California Penal Code § 3008. The Court need not decide whether parolees who are not punishable under California Penal Code § 3008 is a protected class for Equal Protection purposes and declines to do so because this was not pled in the FAC and because regardless, the FAC does not allege discriminatory treatment or intent by Defendant Raskin-Li.

conviction more than once for an alleged offense." Def. Mot. at 5. She further argues that the FAC does not allege that she was involved in the implementation or application of California Penal Code § 3008. Def. Reply at 3 (ECF No. 39). Plaintiff argues in his opposition that the parole conditions to attend sex offender treatment imposed on Plaintiff pursuant to California Penal Code § 3008 creates "new duties and obligations" that equate to double jeopardy. Pl. Opp. at 6-7 (ECF No. 36). Plaintiff also argues Defendant Raskin-Li had "control over the Plaintiff" and enforced these parole conditions. *Id*. at 7.

Plaintiff's arguments fail. The FAC's claims against Defendant Raskin-Li are very narrow, limited to allegations surrounding the signing of a contract and providing a copy of this contract. *See* FAC at 15-16, ¶¶ 24-25. The FAC does not allege Defendant Raskin-Li was involved in determining which California Penal Code section applied to Plaintiff, whether California Penal Code § 3008 applied to Plaintiff, or whether Plaintiff had to undergo sex offender treatment or registration. *See* FAC. Further, given the FAC's allegation that Raskin-Li is a "clinician" and New Beginnings "staff," amendment to attempt to plead a double jeopardy claim against her would be futile. *See* FAC at 7,15, ¶ 22; *see also* Lopez, 203 F.3d at 1130-31; Cato, 70 F.3d at 1105-06. Plaintiff has also not identified any facts or arguments in his opposition or declaration that would save his double jeopardy claim against Defendant Raskin-Li. *See Broam*, 320 F.3d at 1026 n.2.

Therefore, the Court recommends dismissing Plaintiff's double jeopardy claim against Defendant Raskin-Li without leave to amend.

### D. Other Arguments

Plaintiff alternatively argues that he is entitled to discovery pursuant to Federal Rule of Civil Procedure 56 and after discovery, will "establish the exact when, where, and who of each event." Pl. Opp'n at 5, 6. Plaintiff is incorrect. A plaintiff may not "rely on anticipated discovery to satisfy Rules 8 and 12(b)(6)." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021). "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the

11

doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Accordingly, "case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." *Whitaker*, 985 F.3d at 1177 (citing *Twombly*, 550 U.S. at 559). In addition, Defendant Raskin-Li has not filed a summary judgment motion under Rule 56, but a motion to dismiss under Rule 12(b)(6) and her motion has not been converted to a Rule 56 motion. Therefore, Plaintiff's discovery argument fails.

### IV. CONCLUSION

Plaintiff may not file another amended complaint until after the district judge reviews these Findings and Recommendations, and decides whether Plaintiff will be permitted to file another amended complaint as to the claims against Defendant Raskin-Li. The Court also notes that responses to the FAC from other defendants are still pending. **If Plaintiff files another amended complaint without leave of court or before the district judge rules on these Findings and Recommendations, that amended complaint will be stricken.**

Plaintiff is further reminded that **future filings that do not comply with the Federal Rules of Civil Procedure, the Local Rules, or the Court's orders will be stricken.**

For the reasons stated above, IT IS RECOMMENDED that:

1. Defendant Raskin-Li's motion to dismiss (ECF No. 30) the claims against her in the FAC be GRANTED without leave to amend; and
2. Defendant Raskin-Li be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14

days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 24, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, nibl1259.24