1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM LYLE NIBLE,                        Case No. 2:24-cv-01259-DJC-CSK

12                        Plaintiff,            FINDINGS AND RECOMMENDATIONS

13           v.                                 (ECF Nos. 51, 67, 74, 75)

14   JEFF MACOMBER, et al.,

15                        Defendants.

16

17

18          Plaintiff William Lyle Nible is proceeding in this action pro se.[1] Pending before the

19   Court are the following motions: (A) Defendants Jeffrey Macomber, Tommee Dorsey,

20   Broomfield, St. Louis-Franklin, Stephanie Reyes, C. Lugar's (collectively, "California

21   State Defendants") motion to dismiss pursuant to Federal Rules of Civil Procedure

22   12(b)(6) (ECF No. 51); (B) Defendant H. Mosely's[2] motion for judgment on the pleadings

23   _____

24   [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
     Civ. P. 72, and Local Rule 302(c).

25   [2]  Defendant Mosely filed an answer to the First Amended Complaint on September 17,
     2024. (ECF No. 16.) Defendant Mosely joins California State Defendants' motion to
26   dismiss. (ECF No. 51, fn. 1.) However, Defendant Mosely has already filed an Answer in
     this action. In the interest of judicial economy, Defendant Mosely's motion to dismiss will
27   be construed as a motion for judgment on the pleadings. *See Aldabe v. Aldabe*, 616
     F.2d 1089, 1093 (9th Cir. 1980) ("We believe the best approach is…treating the motion

28

                                              1

1   (ECF No. 51); (C) Defendants Jessika Richardson and Alison Woodruff's (collectively,

2   "Missouri State Defendants") motion to set aside the Clerk's entry of defaults pursuant to

3   Rule 55(c) (ECF No. 74); (D) Missouri State Defendants' motion to dismiss pursuant

4   Rule 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) (ECF No. 75); and (E) Plaintiff's motion for

5   injunctive relief (ECF No. 67). For the reasons stated below, the Court recommends

6   GRANTING California State Defendants' motion to dismiss without leave to amend,

7   GRANTING Defendant Mosely's motion for judgment on the pleadings without leave to

8   amend, DENYING Plaintiff's motion for injunctive relief, GRANTING Missouri State

9   Defendants' motion to set aside the Clerk's entry of default, GRANTING Missouri State

10  Defendants' motion to dismiss without leave to amend, and sua sponte dismissing

11  Plaintiff's claims against Defendant Jason Johnson for failure to state a claim and

12  Plaintiff's claims for Fourth Amendment, First Amendment, and State and Federal

13  Whistleblower Act violations.

14  I.      **BACKGROUND**

15          A.      **Factual Background**

16          These facts primarily derive from the First Amended Complaint ("FAC") (ECF No.

17  11), which are construed in the light most favorable to Plaintiff as the non-moving party.

18  *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court

19  does not assume the truth of any conclusory factual allegations or legal conclusions.

20  *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).[3]

21  / / /

22

23  to dismiss as a motion for judgment on the pleadings."); *Elvig v. Calvin Presbyterian*
    *Church*, 375 F.3d 951, 954 (9th Cir. 2004) (holding that defendants' motion to dismiss

24  should have been treated as a motion for judgment on the pleadings because the
    defendants filed their motion after filing their answer).

25  [3]  The background of this case has also been discussed in prior orders. *See* 5/10/2024
    Order Denying Mot. for Emergency Prelim. Inj. at 2-3 (ECF No. 6); 10/15/2024 Order &

26  Findings and Recommendations to Deny Mot. for Emergency Prelim. Inj. and Temp.
    Restraining Order (ECF No. 18); 01/24/2025 Findings and Recommendations to Grant

27  Def. Raskin-Li's Mot. to Dismiss. For purposes of the pending motions, the Court limits

28  its review to the FAC.

The FAC generally alleges that "[t]he California Department of Corrections, the interstate compact for adult offender supervision, (Missouri and California) have violated Plaintiff's right by their not allowing Plaintiff to transfer to Missouri and further placing unauthorized parole conditions upon Plaintiff." FAC at 9. Plaintiff alleges he was forced to parole to Los Angeles and was required to participate in "programing that was counter productive to his reentry back into society." *Id*. at 18. Plaintiff alleges the events took place in Sacramento County, Los Angeles County, and Placer County on February 23, 2023, and that "events are continuous and ongoing." *Id*. at 9. Plaintiff brings a 42 U.S.C. § 1983 action alleging generally his constitutional rights have been violated, including the "Fourteenth Amendment, Fourth Amendment, Fifth Amendment, First Amendment, [and] State and Federal Whistleblower Act." *Id*. at 8. Plaintiff specifically alleges that Defendants Macomber, Dorsey, Richardson, Woodruff, Reyes, Lugar, Mosely, St Louis-Franklin, and Broomfield, "acting under color of law," deprived Plaintiff of "Constitutionally protected rights, Due Process and Equal Protection, Double Jeopardy" by "maliciously, willfully, and with deliberate indifference" imposing various parole conditions upon him, refusing to process his out of state transfer and refusing to process his inmate grievance. *Id.* at p10-15, ¶¶ 1-23; p16-17, ¶¶ 27-29. For relief, Plaintiff seeks damages and injunctive relief. *Id*. at 18.

**B.    Procedural Background**

Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 on May 1, 2024. *See* ECF No. 1. Plaintiff is proceeding on his First Amended Complaint filed on July 1, 2024. *See* FAC. On September 17, 2024, Defendant Mosely filed an answer to the FAC. (ECF No. 16.) On November 25, 2024, Defendant Raskin-Li filed a motion to dismiss, which was granted without leave to amend. (ECF Nos. 48, 64.) Defendant Raskin-Li was dismissed from this action on March 28, 2025. (ECF No. 64.)

On January 2, 2025, Plaintiff requested a Clerk's entry of default as to Missouri State Defendants Richardson and Woodruff. (ECF Nos. 41, 42.) A Clerk's entry of default was entered as to Defendant Richardson on the same day. (ECF No. 46.) A

1    Clerk's entry of default was denied as to Defendant Woodruff due to improper service on

2    January 2, 2025. (ECF No. 47.) Plaintiff later requested a Clerk's entry of default as to

3    Defendant Woodruff on April 11, 2025, which was entered on April 15, 2025. (ECF Nos.

4    70, 71.)

5         On February 14, 2025, California State Defendants filed the pending motion to

6    dismiss and set it for a hearing on April 29, 2025 before the undersigned. (ECF Nos. 51,

7    58.) Plaintiff filed an opposition, and California State Defendants filed a reply. (ECF Nos.

8    62, 63.)[4] On April 4, 2025, the Court vacated the hearing date and took the matter under

9    submission. (ECF No. 66.)

10        On April 11, 2025, Plaintiff filed the pending motion for injunctive relief and set it

11   for a hearing on May 20, 2025 before the undersigned. (ECF No. 67.) California State

12   Defendants filed an opposition, and Plaintiff filed a reply. (ECF Nos. 68, 72.) On April 21,

13   2025, the Court vacated the hearing date and took the matter under submission. (ECF

14   No. 73.)

15        On May 13, 2025, Missouri State Defendants filed the pending motion to set aside

16   the Clerk's entry of defaults and motion to dismiss, and set both motions for a hearing on

17   June 17, 2025 before the undersigned. (ECF Nos. 74, 75.) Plaintiff filed an opposition to

18   the motion to dismiss, and Missouri State Defendants filed a reply. (ECF Nos. 79, 80.)

19   Plaintiff did not oppose the motion to set aside the Clerk's entry of defaults. *See* Docket.

20   A hearing was held by Zoom on both motions on June 17, 2025. (ECF No. 82.) Plaintiff

21   appeared pro se and attorney Alicia Dearn appeared on behalf of Missouri State

22   Defendants. *Id.*

23   **II.    LEGAL STANDARDS**

24        **A.    Pro Se Pleadings Construction and Amendment**

25        Pro se pleadings are to be liberally construed and afforded the benefit of any

26

27   ─────────────────
     [4]   Despite Plaintiff's late motion for an extension of time to file a late opposition to
     California State Defendants' motion to dismiss, the Court accepted Plaintiff's late
28   opposition. (ECF No. 66.)

1  doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any

2  claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an

3  opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th

4  Cir. 2016). However, if amendment would be futile, no leave to amend need be given.

5  *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

6          To determine the propriety of a dismissal motion, the court may not consider facts

7  raised outside the complaint (such as in an opposition brief), but it may consider such

8  facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023,

9  1026 n.2 (9th Cir. 2003).

10         **B.    Lack of Jurisdiction under Rule 12(b)(2)**

11         Pursuant to Federal Rules of Civil Procedure 12(b)(2), a party may seek dismissal

12  of a claim for lack of personal jurisdiction. The burden of establishing personal

13  jurisdiction rests with the plaintiff. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir.

14  2008). The plaintiff is only required to make a "prima facie showing of jurisdictional facts"

15  to withstand dismissal. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716,

16  741 (9th Cir. 2013). For the purposes of deciding whether a prima facie showing has

17  been made, "the court resolves all disputed facts in favor of the plaintiff." *Pebble Beach

18  Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Uncontroverted factual allegations

19  generally must be taken as true, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

20  797, 800 (9th Cir. 2004), but "mere 'bare bones' assertions of minimum contacts with the

21  forum or legal conclusions unsupported by specific factual allegations will not satisfy a

22  plaintiff's pleading burden," *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007)

23  (citations omitted).

24         **C.    Failure to State a Claim under Rule 12(b)(6)**

25         A claim may be dismissed because of the plaintiff's "failure to state a claim upon

26  which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if

27  it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal

28  theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). To state a claim on

1    which relief may be granted, the plaintiff must allege enough facts "to state a claim to

2    relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

3    (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

4    the court to draw the reasonable inference that the defendant is liable for the misconduct

5    alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). When considering whether a claim has

6    been stated, the court must accept the well-pleaded factual allegations as true and

7    construe the complaint in the light most favorable to the non-moving party. *Id.* However,

8    the court is not required to accept as true conclusory factual allegations contradicted by

9    documents referenced in the complaint, or legal conclusions merely because they are

10   cast in the form of factual allegations. *See Paulsen*, 559 F.3d at 1071.

11        **D.    Motion for Judgment on the Pleadings**

12        Under Rule 12(c), "a party may move for judgment on the pleadings" after the

13   pleadings are closed "but early enough not to delay trial." A Rule 12(c) motion "is

14   properly granted when, taking all the allegations in the non-moving party's pleadings as

15   true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*,

16   179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6)

17   and ... 'the same standard of review' applies to motions brought under either rule."

18   *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting

19   *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). The main

20   difference between these two motions is the timing of the filing. *See Dworkin*, 867 F.2d

21   at 1192. Thus, a motion for judgment on the pleadings should not be granted if the

22   complaint is based on a cognizable legal theory and contains "sufficient factual matter,

23   accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at

24   678 (internal quotation marks and citation omitted). The court limits its review to the

25   content of the pleadings and matters properly subject to judicial notice. *See Intri-Plex*

26   *Tech., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

27        Courts have discretion to grant leave to amend in conjunction with motions made

28   pursuant to Rule 12(c). *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal.

1   2004) (citation omitted). Generally, leave to amend a complaint is denied only if it is clear

2   that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow*

3   *Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

4   **III.    DISCUSSION**

5           **A.    California State Defendants Macomber, Dorsey, Broomfield, St. Louis-**

6                   **Franklin, Reyes, Lugar's Motion to Dismiss**

7                   1.    Request for Judicial Notice

8           Pursuant to Federal Rule of Evidence 201, California State Defendants request

9   that the Court take judicial notice of the following documents in support of their motion to

10  dismiss: (A) Plaintiff's redacted Face Sheet; and (B) Plaintiff's Conditions of Parole. CA

11  Defs. RJN (ECF No. 51-1.) The Court grants California State Defendants' request for

12  judicial notice of these documents pursuant to Federal Rule of Evidence 201.

13                  2.    Failure to State a Claim

14          California State Defendants move to dismiss Plaintiff's claims pursuant to Federal

15  Rules of Civil Procedure 12(b)(6). CA Defs. Mot. (ECF No. 51). First, the Court finds

16  Defendants Dorsey, Lugar, Reyes, and St. Louis-Franklin are immune from suit as

17  parole officers. Second, the Court finds the FAC fails to allege sufficient facts to state a

18  claim against Defendants Macomber and Broomfield because the FAC does not allege

19  specific facts as to what acts these Defendants personally participated in that resulted in

20  the deprivation of Plaintiff's rights under 42 U.S.C. § 1983.

21          42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights,

22  privileges, or immunities secured by the Constitution and laws of the United States."

23  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks

24  omitted). "Section 1983 is not itself a source of substantive rights but merely provides a

25  method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S.

26  266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable

27  § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution

28  and laws of the United States, and that the alleged deprivation was committed by a

person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, a plaintiff may not sue a supervisory official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

The FAC alleges California State Defendants violated Plaintiff's constitutional rights including "Due Process," "Equal Protection" and "Double Jeopardy." FAC at p10-13, ¶¶ 1-15; p14-15, ¶¶ 18-22; p16-17, ¶¶ 27-29. As to Defendant Macomber, Plaintiff alleges his constitutional rights were violated because Plaintiff had parole conditions imposed on him that required Plaintiff to submit to searches of his electronic devices and to wear a GPS monitor. *Id*. at p10-11, ¶¶ 1-7. As to Defendant Dorsey, Plaintiff alleges his constitutional rights were violated because Defendant Dorsey imposed parole conditions that mandated Plaintiff to wear a "Global Positioning System," required Plaintiff to complete 180 days of transitional housing in Los Angeles County, required Plaintiff to "participate in continuous electronic monitoring," and refused to process his out-of-state parole transfer. *Id*. at p11-13, ¶¶ 8-15. Plaintiff also alleges Defendant Reyes violated his constitutional rights by denying his right to parole and placing "numerous" parole conditions. *Id*. at p14, ¶ 18. As to Defendant Lugar, Plaintiff alleges his constitutional rights were violated because Defendant Lugar stated Plaintiff's parole conditions were lawful pursuant to California Penal § 3008 and enforced sex offender treatment programs on Plaintiff as part of his parole conditions. *Id*. at p14-15, ¶¶ 19-22. Plaintiff further alleges Defendant St. Louis-Franklin violated his constitutional rights when he failed to process Plaintiff's out-of-state transfer to Missouri. *Id*. at p16, ¶ 27. Lastly, Plaintiff alleges Defendant Broomfield violated his constitutional rights by refusing

1  Plaintiff to participate in "prerelease classes" and for failing to "train staff, when initiating
2  parole documents." *Id.* at p16-17, ¶¶ 28-29.

3                              a.      *Quasi-Judicial Absolute Immunity*

4         To the extent Plaintiff is alleging claims relating to the imposition of his parole
5  conditions against his parole officers, such as Defendants Dorsey, Lugar, Reyes, and St.
6  Louis-Franklin (*see* FAC at p4, 6-7), parole officers are absolutely immune from suit
7  arising from "the imposition of parole conditions" under a theory of quasi-judicial absolute
8  immunity. *See Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004). "This immunity
9  applies even where parole officers impose allegedly unconstitutional parole conditions."
10 *Chavez v. Robinson*, 12 F.4th 978, 997 (9th Cir. 2021) (internal quotations and citation
11 omitted); *see also Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2014). Accordingly,
12 California State Defendants' motion to dismiss should be GRANTED based on immunity
13 as to Defendants Dorsey, Lugar, Reyes, and St. Louis-Franklin without leave to amend.

14                              b.      *Under Color of State Law*

15        The FAC alleges Defendant Macomber, "Secretary of Corrections," acted under
16 color of state law. *See* FAC at p10-11, ¶¶ 1-7 ("acting under color of law"). The FAC,
17 however, does not allege Defendant Broomfield acted under color of state law, only that
18 he is a "Warden" of San Quentin State Prison. *Id*. at p16-17, ¶¶ 28-29. California State
19 Defendants also do not address whether Defendants Macomber and Broomfield acted
20 under color of state law as a basis for dismissal. *See generally* CA Defs. Mot. "[A]
21 plaintiff must show that 'the conduct allegedly causing the deprivation of a federal right
22 was fairly attributable to the State." *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1139
23 (9th Cir. 2012) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff's
24 bare allegations are insufficient to determine whether Defendants Macomber and
25 Broomfield acted under color of state law.

26                              c.      *Constitutional Violations*

27        Plaintiff generally alleges Defendants Macomber and Broomfield deprived Plaintiff
28 of his constitutional rights to due process, equal protection and double jeopardy. *See*

FAC at p10-11, ¶¶ 1-7; p16-17, ¶¶ 28-29. Defendants Macomber and Broomfield argue Plaintiff has not alleged sufficient facts to support his claims because Plaintiff does not specify the relief he is seeking or provide support that a constitutional right has been violated. CA Defs. Mot. at 3-8. To state a claim for relief against each defendant, Plaintiff is "required to allege facts demonstrating each individual's personal involvement in a constitutional violation." *Davis v. Folsom Cordova Unified Sch. Dist.*, 674 F. App'x 715, 717 (9th Cir. 2017). This requires a "causal connection" to the deprivation for which Plaintiff complains. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "The inquiry into causation must be individualized to focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id*. A plaintiff must plead that each defendant, through the individual's own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676. Moreover, to the extent Plaintiff is also seeking to bring claims against Defendants Macomber and Broomfield in their supervisory capacity, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff's generalized allegations as to Defendants Macomber and Broomfield's involvement in Plaintiff's imposition of parole conditions is insufficient. Plaintiff fails to allege specific facts demonstrating Defendants Macomber and Broomfield's connection to or involvement in the alleged violations. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

i.    *Due Process*

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property. U.S. Const. amend. XIV, § 1; *Wolff v. McDonnell*,

418 U.S. 539, 556 (1974). When analyzing a procedural due process claim, courts must

determine whether a plaintiff was deprived of a constitutionally protected liberty or

property interest and whether that deprivation was accompanied by sufficient procedural

protections. *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). Plaintiff does not

identify a protected liberty or property interest that has been harmed by Defendants

Macomber and Broomfield. Merely alleging that Defendants Macomber and Broomfield

generally denied Plaintiff's rights without more specificity as to how each Defendant

acted in causing a constitutional deprivation, is insufficient. *See Ivey*, 673 F.2d at 268.

Plaintiff has also failed to allege that Defendants Macomber and Broomfield, holding

supervisory positions, personally participated in the deprivation of his rights. *See Taylor*,

880 F.2d at 1045.

### ii.    *Equal Protection*

        "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection

Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted

with an intent or purpose to discriminate against the plaintiff based upon membership in

a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation and

internal quotation marks omitted). "Intentional discrimination means that a defendant

acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345

F.3d 1071, 1082 (9th Cir. 2003) (citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1404

(9th Cir.1994) (internal quotation marks omitted)). Plaintiff does not allege that he is a

member of a protected class. *See* FAC. Even if Plaintiff is alleging he is a member of a

protected class as a parolee, courts have consistently held "[p]arolees are not members

of a protected class." *Turner v. Larsen*, 2012 WL 12899114, at *6 (N.D. Cal. Apr. 19,

2012), *aff'd*, 536 F. App'x 748 (9th Cir. 2013) (citing *Smith v. Sisto*, 2009 WL 3294860, at

*6 (E.D. Cal. Oct. 13, 2009)); *see also Lopez v. City of Santa Ana*, 2015 WL 9918408, at

*6 (C.D. Cal. Dec. 21, 2015), report and recommendation adopted, 2016 WL 344501

(C.D. Cal. Jan. 26, 2016), *aff'd*, 698 F. App'x 401 (9th Cir. 2017) (parolees not a suspect

or quasi-suspect class for equal protection analysis). Plaintiff has not adequately alleged

11

1    that he belongs to a protected class, much less allege Defendants Macomber and

2    Broomfield's actions were motivated by a discriminatory purpose. Accordingly, Plaintiff

3    has failed to state a claim that Defendants Macomber and Broomfield personally acted

4    with an intent or purpose to discriminate against Plaintiff as a protected class member.

5    *See Ivey*, 673 F.2d at 268. Plaintiff has also failed to allege that Defendants Macomber

6    and Broomfield, holding supervisory positions, personally participated in the deprivation

7    of his rights. *See Taylor*, 880 F.2d at 1045.

8                    iii.        <u>*Double Jeopardy*</u>

9           The Double Jeopardy Clause of the Fifth Amendment protects against punishing

10   a defendant multiple times for the same offense and prohibits successive prosecutions

11   for the same offense after acquittal or conviction. U.S. Const. amend. V; *Witte v. United*

12   *States*, 515 U.S. 389, 395 (1995). "The Double Jeopardy Clause does not prohibit the

13   imposition of all additional sanctions that could, in common parlance, be described as

14   punishment." *Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (internal quotation

15   marks omitted). Double jeopardy does not apply to parole revocation proceedings. *See*

16   *Dunn v. California Dep't of Corr.*, 401 F.2d 340, 342 (9th Cir. 1968) ("A state prisoner's

17   right to parole is not one of the rights protected by the United States Constitution.").

18   Plaintiff's vague, conclusory allegations are insufficient to show how Plaintiff's parole

19   implicates double jeopardy concerns. *See generally* FAC. In addition, Plaintiff fails to

20   establish a causal connection demonstrating Defendants Macomber and Broomfield's

21   individual involvement in the alleged constitutional violation. *See Ivey*, 673 F.2d at 268.

22   Plaintiff has also failed to allege that Defendants Macomber and Broomfield, holding

23   supervisory positions, personally participated in the deprivation of his rights. *See Taylor*,

24   880 F.2d at 1045.

25          In conclusion, the Court recommends the dismissal of Plaintiff's claims against

26   Defendants Dorsey, Lugar, Reyes, and St. Louis-Franklin based on immunity, and

27   dismissal of Plaintiff's claims against Defendants Macomber and Broomfield based on

28   failure to state a claim. Accordingly, because amendment would be futile, the Court

1    recommends dismissing claims against California State Defendants without leave to

2    amend.

3    **B.    Defendant Mosely's Motion for Judgment on the Pleadings**

4    Defendant Mosely seeks to dismiss Plaintiff's claims against him for failure to

5    state a claim. CA Defs. Mot. As explained above, the Court construes Defendant

6    Mosely's motion to dismiss as a motion for judgment on the pleadings. The Court

7    recommends granting Defendant Mosely's motion for judgment on the pleadings without

8    leave to amend.

9    As to Defendant Mosely, the FAC alleges limited facts. Specifically, the FAC

10    alleges Defendant Mosely violated Plaintiff's due process, equal protection and First

11    Amendment rights in his refusal to process Plaintiff's inmate grievance. FAC at 15, ¶ 23.

12    Plaintiff alleges he did not receive a response to his inmate grievance. *Id*. Plaintiff

13    alleges Defendant Mosely was "acting under color of law" when he deprived Plaintiff of

14    his constitutional rights. *Id*.

15    1.    Under Color of State Law

16    Plaintiff's allegations as to Defendant Mosely fail to establish Defendant Mosely

17    acted under color of state law. Plaintiff's conclusory allegation is insufficient to establish

18    a Section 1983 claim. *See Tsao*, 698 F.3d at 1139. Such bare allegations are insufficient

19    to determine whether Defendant Mosely acted under color of state law.

20    2.    Constitutional Violations

21    Plaintiff's conclusory allegations that Defendant Mosely violated his due process,

22    equal protection and First Amendment rights are insufficient to support that Defendant

23    Mosely violated Plaintiff's constitutional rights. *See Davis*, 674 F. App'x at 717. First,

24    Plaintiff's due process allegations do not present a viable claim. "The Supreme Court

25    has held that a State creates a protected liberty by placing substantive limitations on

26    official discretion, [and] that to obtain a protectable right an individual must have a

27    legitimate claim of entitlement to it, [but] there is no legitimate claim of entitlement to a

28    grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (citations and

quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."). Therefore, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. *See*, *e.g.*, *Evans v. Skolnik*, 637 F. App'x 285, 288 (9th Cir. 2015) (a prison official's denial of a grievance does not itself violate the constitution). Second, Plaintiff has not adequately alleged that he belongs to a protected class, much less alleged that Defendant Mosely's actions were motivated by a discriminatory purpose. *See Furnace*, 705 F.3d at 1030. Finally, although filing an inmate grievance is a protected action under the First Amendment, Plaintiff fails to allege how Defendant Mosely's actions related to Plaintiff's protected conduct. *See Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). Because amendment would be futile, the Court recommends granting Defendant Mosely's motion for judgment on the pleadings and dismissing Plaintiff's claims as to Defendant Mosely without leave to amend.

## C.     Missouri State Defendants Richardson and Woodruff's Motion to Set Aside the Clerk's Entry of Defaults

Pursuant to Federal Rules of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." In assessing whether a defendant has demonstrated good cause, the court must consider three factors:

> (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.

*United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citations and internal quotation marks omitted). Although the "good cause" standard is the same that applies to motions to set aside default judgment under Rule 60(b), "the test is more liberally

applied in the Rule 55(c) context." *Mesle*, 615 F.3d at 1091 n.1 (internal quotations and citations omitted); *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (finding the district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment).

Missouri State Defendants move to set aside their Clerk's entries of default, asserting good cause exists. MO Defs. Mot. Set Aside Default (ECF No. 74-1). Missouri State Defendants argue this matter should proceed on the merits because there was no "intentional gamesmanship or culpable behavior" by Missouri State Defendants; Missouri State Defendants have a meritorious defense because this Court lacks personal jurisdiction; and Plaintiff would not suffer any prejudice if the Clerk's entries of default were to be set aside. MO Defs. Mot. Set Aside Default at 5-9. Plaintiff did not file an opposition and at the hearing on the motion, Plaintiff confirmed he did not oppose the motion. The Court finds there is no indication that Missouri State Defendants acted willfully or in bad faith in failing to timely respond. In addition, the Court finds that Missouri State Defendants have presented a meritorious defense to Plaintiff's claims. And finally, there has been no indication that Plaintiff's ability to prosecute this action has been delayed or hindered. On the contrary, Plaintiff's non-opposition at the hearing and his failure to file any opposition to the motion indicates no prejudice to Plaintiff. *See Mesle*, 615 F.3d at 1091. Accordingly, the Court recommends granting Missouri State Defendants' motion to set aside Clerk's entries of default.

## D.    Missouri State Defendants Richardson and Woodruff's Motion to Dismiss

Missouri State Defendants Richardson and Woodruff move to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(5) for insufficient service of process, and Rule 12(b)(6) for failure to state a claim. MO Def. Mot. (ECF No. 75-1). Because the Court finds claims against Missouri State Defendants should be dismissed based on lack of personal jurisdiction, the Court declines to address the

1   additional grounds for dismissal.

2       Missouri State Defendants move to dismiss under Rule 12(b)(2) arguing they are

3   not subject to personal jurisdiction in California because they have no contacts with

4   California. MO Defs. Mot. at 5-6. Defendants Richardson and Woodruff are residents of

5   Missouri and are Missouri state employees. MO Defs. Mot. at 2; Decl. of Alison Woodruff

6   ¶¶ 1-2 (ECF No. 75-3); Decl. of Jessika Richardson ¶¶ 1-2 (ECF No. 75-4). Plaintiff's

7   request to transfer his parole supervision to Missouri was received and processed in

8   Missouri only. MO Defs. Mot. at 2; Woodruff Decl. ¶¶ 3-4; Richardson Decl. ¶¶ 3-4.

9   Missouri State Defendants argue they had no direct contact with Plaintiff either in person

10  or by telephone, they did not travel to California to complete their duties to complete

11  Plaintiff's request, and they do not own any property or have any business or assets in

12  California. *Id.* Plaintiff generally opposes this ground for dismissal stating Missouri State

13  Defendants had direct involvement in actions affecting Plaintiff in California. Decl. of

14  William Lyle Nible ¶ 3 (ECF No. 79-2).

15      Plaintiff has failed to establish personal jurisdiction is proper here. The allegations

16  against Missouri State Defendants are general, conclusory, and do not establish that the

17  actions that give rise to Plaintiff's claims against these defendants occurred in California,

18  much less within the Eastern District of California. *See Swartz*, 476 F.3d at 766.

19  Moreover, Plaintiff cannot generally aggregate factual allegations concerning multiple

20  defendants to demonstrate personal jurisdiction over individual defendants. *See Rush v.*

21  *Savchuk*, 444 U.S. 320, 331-32 (1980) (rejecting aggregation of co-defendants' forum

22  contacts in determining personal jurisdiction as "plainly unconstitutional" because "the

23  requirements of *International Shoe* must be met as to each defendant over whom a ...

24  court exercises jurisdiction"). Aside from conclusory allegations, there is no support

25  shown by Plaintiff that these Missouri State Defendants committed any act aimed at

26  California, the forum state. Instead, it is apparent that the claims against these

27  defendants arise from conduct that occurred in Missouri. Even taking Plaintiff's

28  allegations as true, Plaintiff has not made a prima facie showing that Missouri State

1    Defendants had sufficient minimum contacts with California to establish personal

2    jurisdiction. Accordingly, the Court recommends granting Missouri State Defendants'

3    motion to dismiss pursuant to Rule 12(b)(2) without leave to amend.

4    **E.    Plaintiff's Motion for Injunctive Relief**

5    In his motion for injunctive relief, Plaintiff alleges he is in constructive custody

6    because he is being required to comply with parole conditions that violate his

7    constitutional rights. Pl. Mot. at 7-9 (ECF No. 67). Plaintiff argues parole conditions such

8    as housing restrictions, ankle monitoring, and required participation in sex offender

9    classes should not apply to Plaintiff because he is neither a "high risk" or a "current sex

10   offender." *Id*. at 10-17. Plaintiff is seeking an injunction that "will order the defendant to

11   cease and desist from violating plaintiff's constitutional rights by imposing unlawful

12   conditions of parole upon the plaintiff." *Id*. at 7.

13   Under federal law, a preliminary injunction is "an extraordinary remedy that may

14   only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*

15   *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction,

16   the plaintiff must show (1) they are "likely to succeed on the merits"; (2) they are "likely to

17   suffer irreparable harm in the absence of a preliminary injunction"; (3) "the balance of

18   equities tips in [their] favor"; and (4) a preliminary injunction "is in the public interest."

19   *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S.

20   at 20) (referred to as the *Winter* factors). Because this Court recommends that this

21   action be dismissed in its entirety, this Court finds that Plaintiff fails to demonstrate that

22   he is likely to succeed on the merits of his claims. For this reason, Plaintiff's motion for

23   injunctive relief should also be denied.

24   **F.    Sua Sponte Dismissal**

25   1.    Defendant Jason Johnson

26   There are no allegations raised against Defendant Johnson in the FAC. *See*

27   *generally* FAC. The FAC also does not allege Defendant Johnson is a state actor or that

28   any actions taken were under color of state law as required for a claim brought under

1    42 U.S.C. § 1983. Sua sponte dismissal of Plaintiff's claims against Defendant Johnson

2    is therefore appropriate here. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th

3    Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P.

4    12(b)(6)."); *Silverton v. Dep't of Treasury of U. S. of Am.*, 644 F.2d 1341, 1345 (9th Cir.

5    1981).

6         The Court notes that Plaintiff received notice of this defect as it was raised in the

7    California State Defendants' motion. California State Defendants argue Defendant

8    Johnson should be dismissed from this action because no allegations are raised against

9    him.[5] CA Defs. Mot. at 8 n.2.

10        Because leave to amend would be futile, the Court recommends claims against

11   Defendant Johnson be dismissed sua sponte without leave to amend. *See Silverton v.*

12   *Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (district court "may properly on its

13   own motion dismiss an action as to defendants who have not moved to dismiss where

14   such defendants are in a position similar to that of moving defendants"); *see also Creech*

15   *v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) ("although sua sponte dismissals are

16   unusual they are permitted under our precedent").

17              2.    Additional Claims Raised

18        The FAC also generally alleges claims under the Fourth Amendment, First

19   Amendment, and "State and Federal Whistleblower Act." FAC at 8. These claims fail

20   because Plaintiff does not allege any specific claim against any specific defendant and

21   does not identify which defendant is responsible for which alleged violations. In addition,

22   Plaintiff does not provide factual allegations in support of each of these claims. *See*

23   *generally* FAC. As a result, Plaintiff has failed to give fair notice of the claims being

24   asserted against which defendants. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th

25   Cir. 1996) (affirming dismissal of a complaint where the district court was "literally

26

27   _____

     [5]  California State Defendants indicate Defendant Johnson has not been properly
     served and therefore California State Defendants' counsel does not have authorization
28   to represent Defendant Johnson. *See* CA Defs. Mot. at 8, n.2.

1    guessing as to what facts support the legal claims being asserted against certain

2    defendants."). Accordingly, Plaintiff's claims for Fourth Amendment, First Amendment,

3    and "State and Federal Whistleblower Act" are dismissed sua sponte on the Court's own

4    motion. *See Omar*, 813 F.2d at 991. Because leave to amend would be futile, the Court

5    recommends these claims be dismissed sua sponte without leave to amend. *See*

6    *Creech*, 84 F.4th at 787.

7    **IV.    CONCLUSION**

8         For the reasons stated above, IT IS RECOMMENDED that:

9         1.    California State Defendants Macomber, Dorsey, Broomfield, St. Louis-

10              Franklin, Reyes, and Lugar's motion to dismiss (ECF No. 51) be

11              GRANTED without leave to amend;

12        2.    Defendant Mosely's motion for judgment on the pleadings (ECF No. 51) be

13              GRANTED without leave to amend;

14        3.    Missouri State Defendants Richardson and Woodruff's motion to set aside

15              the Clerk's entry of defaults (ECF No. 74) be GRANTED;

16        4.    Missouri State Defendants Richardson and Woodruff's motion to dismiss

17              (ECF No. 75) be GRANTED without leave to amend;

18        5.    Plaintiff's motion for injunctive relief (ECF No. 67) be DENIED;

19        6.    On the Court's own motion, Plaintiff's claims against Defendant Jason

20              Johnson be DISMISSED without leave to amend;

21        7.    On the Court's own motion, Plaintiff's claims for violations of the Fourth

22              Amendment, First Amendment, and State and Federal Whistleblower Act

23              be DISMISSED without leave to amend; and

24        8.    This entire action be dismissed.

25        These findings and recommendations are submitted to the United States District

26   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

27   14 days after being served with these findings and recommendations, any party may file

28   written objections with the Court and serve a copy on all parties. This document should

1  be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

2  reply to the objections shall be served on all parties and filed with the Court within 14

3  days after service of the objections. Failure to file objections within the specified time

4  may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

5  455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

6  Dated:  07/03/25

7  
   _____
   CHI SOO KIM
8  UNITED STATES MAGISTRATE JUDGE

9  4, nibl1259.24